UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TING CAI,<br><br>             Plaintiff,<br><br>     v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICE (USCIS), et al.,<br><br>         Defendants. | Case No.  25-cv-00831-TLT<br><br>**SUPPLEMENTAL QUESTIONS FOR<br>THE HEARING**<br><br>Re: Dkt. Nos. 38, 39, 41, 42 |

Please provide responses to the following questions **no later than Monday, May 18, 2026**.  The Court may, at its discretion, post additional questions or determine that the instant motion is suitable for decision without oral argument.  *See* Civil L.R. 7-1(b). If so, the parties will be so advised.

**[TO BOTH PARTIES]**

## I.    REASONABLE TIME FOR ADJUDICATION

"Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 and the other provisions enumerated in § 1252(a)(2)(B)(i)."  *Patel v. Garland*, 596 U.S. 328, 347 (2022).  "*Patel* makes clear that any underlying eligibility determination made in support of the ultimate discretionary decision is beyond judicial review." *Zia v. Garland*, 112 F.4th 1194, 1200–01 (9th Cir. 2024).  However, "within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555; *see Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *10 (N.D. Cal. Feb. 20, 2026); *Shimeng Gao, v. Markwayne Mullin, et al.*, No. 25-cv-01479-SVK, 2026 WL 948665, at *5 (N.D. Cal. Apr. 8, 2026).

Based upon Supreme Court, Ninth Circuit, and Northern District Court precedent, please explain what constitutes a "reasonable time" for adjudication under Plaintiff's application[s] and factual circumstances at issue and indicate persuasive legal authority if necessary.

IT IS SO ORDERED.

Dated: May 12, 2026

TRINA L. THOMPSON
United States District Judge