United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TING CAI,<br>Plaintiff,<br>v.<br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE (USCIS), et al.,<br>Defendants. | Case No. 25-cv-00831-TLT<br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 38, 39 |

Before the Court are Defendants' Motion for Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment regarding Plaintiff's I-485 application filed in April 2024 and has been pending to date, requesting that the Court compel its adjudication.

After reviewing the parties' briefs, the responses to supplemental questions, and the relevant legal authority, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's Cross-Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff is a Chinese Citizen and resident of Fremont, California, who is a Ph.D. researcher and engineer specializing in electric vehicle battery systems. ECF 1 ¶ 6; ECF 39 at 6. In February 2024, Plaintiff's Form I-140 EB-1A Immigrant Petition was approved through the form's "extraordinary ability" category. *Id.*

On April 12, 2024, Plaintiff filed a Form I-485 Application to Register Permanent Residence or Adjust Status concurrently with a Form I-765 Application for Employment Authorization, and Form I-131 Application for Travel Documents, Parole Documents, and Arrival/Departure Records. ECF 1 ¶ 10; ECF 38 at 8. At the time of filing, USCIS stated on its website that 80 percent of I-765 applications would be processed within 5.5 months of receipt at

the National Benefits Center, ECF 1 at 11, and 80 percent of I-485 applications would be processed within 10 months of receipt at the California Service Center. *Id*. at 12; ECF 1 ¶ 11; ECF 26 at 2.

Beginning in September 2024, Plaintiff began making numerous inquiries regarding his applications. ECF 1 ¶ 12; *id*. at 13–20. For example, on September 17, 2024, after approximately five months without an update on his applications, Plaintiff made an expedite request through Congressman Eric Swalwell's office. *Id*. at 13. On September 30, 2024, Congressman Swalwell's office forwarded Plaintiff an update from USCIS stating that Plaintiff's I-765 Application was sent for expedited processing and was under review. *Id*. at 13–14. The message also noted that due to workload factors independent of Plaintiff's case, USCIS anticipated a delay in completing the final adjudication of Plaintiff's application. *Id*. at 14. The update did not provide an estimate for how long USCIS expected the delay to be. *Id.*

On October 30, 2024, Plaintiff inquired about his application's processing time through the USCIS website. *Id*. at 15. On December 2, 2024, the USCIS responded that "Due to workload factors not related to your case, USCIS anticipates a delay in completing your case." *Id*. Subsequently, Plaintiff followed up with Congressman Swalwell's office but received the same information regarding USCIS's position on December 10, 2024. *Id*. at 15–16. Thereafter, Plaintiff contacted the White House Intranet Quorum to inquire about the status of his applications. *Id*. at 18.

On January 13, 2025, Plaintiff received a response from the USCIS after being referred by the White House Intranet Quorum. *Id*. at 18. There, the USCIS responded that "there is a delay in processing your Form I-765 application because we are still working on the required investigation into your background. Once we complete the investigation, we will move forward with your case." *Id*. Plaintiff next contacted the USCIS Ombudsman office regarding his I-765 Application. *Id*. at 20. On January 15, 2025, the USCIS Ombudsman office responded to Plaintiff, stating that USCIS "is still actively reviewing your Form I-765 Application for Employment Authorization and completing the necessary checks required for all its forms." *Id*. Further, it stated that USCIS "cannot give [Plaintiff] a specific timeframe for when it will resolve" his case. *Id*.

United States District Court
Northern District of California

In the meantime, Plaintiff interviewed for a Data Engineer role at Magnit, LLC in October 2024, and received an offer with an anticipated start date in February 2025. *Id.* at 21–22. He claimed that, due to the delayed I-765 processing, his start date kept being pushed back. *Id.* On January 22, 2025, Magnit, LLC, on behalf of Plaintiff, submitted an expedited request letter to USCIS to expedite his application. *Id.* at 22.

On January 24, 2025, Plaintiff filed his first complaint, alleging that Defendants had unreasonably delayed the adjudication of his I-765 Application. ECF 1 at 5. On April 28, 2025, and May 1, 2025, his I-765 and I-131 Applications were approved, respectively. ECF 39 at 6.

On May 27, 2025, Plaintiff's Form I-129, Petition for a Nonimmigrant Worker, for an O1A nonimmigration worker, was denied. ECF 38 at 8. Plaintiff's underlying I-140 Petition was then referred for possible revocation. *Id.* Defendants noted that the San Jose Field Office could not fully adjudicate Plaintiff's I-485 Application until the I-140 Petition was resolved. *Id.* This referral for revocation was not disclosed to Plaintiff until March 11, 2026. ECF 39 at 7.

Plaintiff conducted his first interview for the I-485 Application on July 29, 2025. Defendants sent a Request for Evidence ("RFE") on August 8, 2025 and received the response to the RFE from Plaintiff on August 25, 2025. ECF 39 at 7. On November 5, 2025, a second interview was conducted to resolve concerns raised from the first RFE. *Id.*

On November 26, 2025, Plaintiff filed his Supplemental Complaint, alleging that Defendants had unreasonably delayed the adjudication of his I-485 Application filed in April 2024. ECF 26.

The instant Motions for Summary Judgment relate to the Plaintiff's pending I-485 Application.

## II. LEGAL STANDARD

### A. MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that a "court shall grant summary judgment [to a moving party] if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party.

*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.* at 255.

Where a plaintiff moves for summary judgment on claims that it has brought (i.e., for which it has the burden of proof), it "must prove each element essential of the claims . . . by undisputed facts." *Cabo Distrib. Co. v. Brady*, 821 F. Supp. 601, 607 (N.D. Cal. 1992); *see also Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986) (stating that, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis omitted).

Where a defendant moves for summary judgment based on a claim for which the plaintiff bears the burden of proof, the defendant need only point to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. UNREASONABLE DELAY

In evaluating whether agency action has been unreasonably delayed, the Court can consider the six factors set out in *Telecommunications Research & Action Ctr. v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"). *Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022). The *TRAC* factors are: "(1) the time agencies take to make decisions must be governed by a 'rule of reason;' (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not 'find any impropriety lurking behind agency lassitude in order to hold that

agency action is unreasonably delayed.'" *Id.* (quoting *TRAC*, 750 F.2d at 80) (cleaned up).

The first *TRAC* factor is the "most important" factor, "though it, like the others, is not itself determinative." *Vaz*, 33 F.4th at 1138 (citing *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017). This factor "requires that the time it takes for the agency to act is governed by a 'rule of reason.'" *Ray v. Cuccinelli*, No. 20-cv-06279-JSC, 2020 WL 6462398, at *8 (N.D. Cal. 2020). "What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Gelfer v. Chertoff*, No. C06-06724 WHA, 2007 WL 902382, at *2 (N.D. Cal. Mar. 22, 2007).

## III. DISCUSSION

### A. THE COURT HAS JURISDICTION TO REVIEW THE PACE OF ADJUDICATION.

As an initial matter, Defendants contend that the Supreme Court of the United States has made clear that "[f]ederal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under § 1255 and the other provisions enumerated in § 1252(a)(2)(B)(i)." *Patel v. Garland*, 596 U.S. 328, 347 (2022).

The Immigration and Nationality Act provides for the adjustment of status of nonimmigrants to permanent legal resident status. 8 U.S.C. § 1255. While the APA "creates a basic presumption of judicial review for one 'suffering legal wrong because of agency action,'" this presumption may be rebutted when "statutes preclude judicial review" or "agency action is committed to agency discretion by law." *Weyerhaeuser Co. v. U.S. Fish & Wildlife Serv.*, 586 U.S. 9, 22 (2018); 5 U.S.C. § 701(a)(1)–(2).

Section 1252(a)(2)(B) provides that: "no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title. 8 U.S.C. § 1252(a)(2)(B). "[T]he operative APA exception [to Section 1252(a)(2)(B)] is § 701(a)(1), because [the Immigration and Nationality Act] precludes judicial review." *Chairez v.*

*Mayorkas*, 168 F.4th 1227, 1232 (9th Cir. 2026) (cleaned up).

The Court is not persuaded by Defendants' argument under *Patel* because, even in light of *Chairez*, it is questionable whether *Patel* addressed the jurisdiction over 'the pace of adjudication.' *See Zia v. Garland*, 112 F.4th 1194, 1200–01 (9th Cir. 2024) ("*Patel* makes clear that any underlying eligibility 'determination made' (emphasis and quotation added) in support of the ultimate discretionary decision is beyond judicial review."); *Varniab v. Edlow*, No. 25-cv-10602-SVK, 2026 WL 485490, at *10 (N.D. Cal. Feb. 20, 2026) (explaining why the USCIS does not have discretion to indefinitely hold adjudication of applications based on relevant regulations and statutes, including 8 C.F.R. § 103.2(b)(18), 5 U.S.C. § 555(b), 8 C.F.R. § 245.2(a)(5)(i), 5 U.S.C. § 706(1), 8 U.S.C. § 1252(a)(2)(B)(ii)); *see also Dong v. Chertoff*, 513 F. Supp. 2d 1158, 1166–67 (N.D. Cal. 2007); *Mugomoke v. Curda*, No. 2:10-cv-02166-KJM, 2012 WL 113800, at *5 (E.D. Cal. Jan. 13, 2012).

"When a statute is "reasonably susceptible to divergent interpretation,"" this Court adopts the reading "that executive determinations generally are subject to judicial review." *Kucana v. Holder*, 558 U.S. 233 (2010) (citing *De Martinez v. Lamagno*, 515 U.S. 417, 434 (1995)). As the title of Section 1252(a)(2)(B) indicates ("Denials of discretionary relief"), the current action does not challenge judgment, decision, or action made by Defendants as to Plaintiff's I-485 Application. While *Patel* limits stripping of jurisdiction for final decision adjudicated by the agency and, as Defendants concede, the Ninth Circuit has not directly addressed whether "any other decision or action" includes the pace of adjudication, the APA mandates that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555. Hence, the Court finds that it does not lack jurisdiction to review the instant action as to whether Defendants unreasonably delayed Plaintiff's I-485 Application. *See Kalinowsky v. Mayorkas*, No. 22-cv-07209-VKD, 2023 WL 6165708, at *4 (N.D. Cal. Sept. 20, 2023).

Separately, Plaintiff challenges Defendants' late disclosure of their revocation of the referral to his I-140 Petition because the referral decision was not disclosed until Defendants filed their Motion, which also failed to explain a legal or factual basis or the effect on the validity of his I-140 Petition. ECF 39 at 11; ECF 42 at 13. Unlike the pace of adjudication, the referral decision

is the underlying eligibility determination made by Defendants, and thus, the Court finds that it lacks jurisdiction to review under *Patel*.

Accordingly, the Court analyzes below whether Defendants unreasonably delayed Plaintiff's I-485 Application under *TRAC* below. Based on the records and parties' arguments, the highly contested and only determinative *TRAC* factor here is the first factor in this action.

**B. UNDER THE RULE OF REASON AND THE CONTEXT OF THE CURRENT ACTION, THE APPLICATION IS NOT UNREASONABLY DELAYED.**

Defendants contend that USCIS's processing of I-485 applications, governed by a general first-in, first-out ("FIFO") policy, has historically been held by courts to constitute a rule of reason. ECF 38 at 15. Plaintiff counters that because his I-485 application, pending for 24 months at the time of his response to Defendants' Motion, falls outside the 80 percent of the processing time of 11.5 months, his application should have been near the front of the processing queue, and as a result, Defendants did not genuinely apply the FIFO policy. ECF 39 at 11.

Defendants' FIFO policy "can constitute a rule of reason." *Behdin v. Edlow*, No. 26-cv-00566-SVK, 2026 WL 1031079, at *14 (N.D. Cal. Apr. 16, 2026) (citing *Ray v. Cuccinelli*, No. 20-cv-06279-JSC, 2020 WL 6462398, at *9 (N.D. Cal. Nov. 3, 2020)). Plaintiff does not dispute that the FIFO policy can be a rule of reason, but rather disputes that his application should have been processed now because it fell outside the normal processing time. However, the Court cannot be positioned to determine that merely because an application fell outside 80 percent of the processing time, it automatically constitutes an unreasonable delay. Generally, our district has held that in light of the first *TRAC* factor, delays of under four years in adjudicating adjustment of status applications are not unreasonable. *Khan v. Scharfen*, No. 3:08–cv–1398 SC, 2009 WL 941574, at *9–10 (N.D. Cal. Apr.6, 2009) (one-year delay not unreasonable); *Taiebat v. Scialabba*, No. 17-cv-0805-PJH, 2017 WL 747460, at *4 (N.D. Cal. Feb. 27, 2017) (delay less than two years is not unreasonable); *Islam v. Heinauer*, No. C 10-04222 JSW, 2011 WL 2066661, at *7–8 (N.D. Cal. May 25, 2011) (three years delay not yet unreasonable); *cf. Islam v. Heinauer*, 32 F.Supp.3d 1063, 1071 (N.D. Cal. 2014) (five years and ten months delay is unreasonable); *Gao v. Mullin*, No. 25-CV-01479-SVK, 2026 WL 948665, at *5 (N.D. Cal. Apr. 8, 2026) (delay for 57

months (including stay) or 48 months (excluding stay) is unreasonable).

On May 21, 2026, the USCIS published a policy memorandum,[1] *inter alia*, reminding adjudicating officers to consider "all relevant factors and information in the totality of the circumstances" when processing adjustment of status applications. In light of this memorandum, along with Plaintiff's application history, which included two rounds of interviews, an RFE, and a referral to the service center for possible revocation, Plaintiff's I-485 Application may be under an individualized investigative process. Under the totality of the circumstances, the time expended by Defendants currently does not run afoul of the 'rule of reason'.

Accordingly, the Court finds that Defendants have not unreasonably delayed Plaintiff's I-485 Application.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's Cross-Motion for Summary Judgment. Plaintiff may file a complaint if the delay of his I-485 Application is prolonged to the extent that it is duly recognized in the district.

IT IS SO ORDERED.

Dated: May 28, 2026

TRINA L. THOMPSON
United States District Judge

[1] https://www.uscis.gov/sites/default/files/document/memos/PM-602-0199-AdjustmentOfStatusAndDiscretion-20260521.pdf